*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BISHOP, Minor.

UNPUBLISHED
December 3, 2019

No. 349148
Wayne Circuit Court
Family Division
LC No. 15-519604-NA

Before: METER, P.J., and JANSEN and GLEICHER, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's termination of her parental rights to her minor son, GB, under MCL 712A.19b(3)(a)(*ii*), (b)(*i*), (j), and (k)(*i*). We affirm.

Respondent-mother is the biological mother to four children, but her parental rights to her three older children were previously terminated. Two of these older children were born testing positive for illegal substances. The trial court terminated respondent-mother's parental rights to all three older children after respondent-mother failed to comply with and benefit from her service plan, particularly because of respondent-mother's failure to address her substance-abuse issues  This appeal, however, concerns only respondent-mother's parental rights to her youngest child, GB, who was born testing positive for cocaine, opiates, and marijuana. Following GB's birth, petitioner filed an initial petition to terminate respondent-mother's parental rights to the child. The trial court found statutory grounds to terminate respondent-mother's parental rights to GB under MCL 712A.19b(3)(a)(*ii*), (b)(*i*), (j), and (k)(*i*) and concluded that termination of respondent-mother's parental rights was in GB's best interests because of respondent-mother's unwillingness to address her substance abuse or the other issues necessitating the trial court's jurisdiction.

On appeal, respondent-mother does not directly challenge the trial court's statutory-grounds or best-interest findings. Respondent-mother argues only that the trial court's termination of her parental rights was premature because petitioner did not engage in reasonable efforts to reunify her with GB because petitioner did not investigate GB's maternal grandmother as a possible relative placement. We review this unpreserved issue for plain error affecting respondent-mother's substantial rights. *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018). "To avoid forfeiture under the plain-error rule, the proponent must establish that a clear

-1-

or obvious error occurred and that the error affected substantial rights." *Id*. "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. (internal citation, quotation marks, and brackets omitted).

It is noteworthy that respondent-mother frames her claim as an absence of reasonable efforts to reunify her with GB. When a child is removed from a parent's custody, petitioner has the "responsibility to expend reasonable efforts to provide services to secure reunification." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Included in the reasonable-efforts duty is the duty to investigate potential relative placements for the child. See MCL 712A.19a(4)(d); MCL 722.954a(2), (5). An absence of reasonable efforts to provide services aimed at reunification may render termination premature. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). "However, the petitioner is not required to provide reunification services when termination of parental rights is the agency's goal." [1] *In re Moss*, 301 Mich App 76, 91; 836 NW2d 182 (2013) (internal citation and quotation marks omitted).

In this case, petitioner sought termination of respondent-mother's parental rights to GB in the initial petition. Accordingly, petitioner was not required to provide respondent-mother with reunification services. *Id*. Therefore, respondent-mother's argument that petitioner failed to make reasonable efforts to reunify her with GB by investigating a relative placement with the maternal grandmother is without merit.

In any event, even had petitioner been required to provide respondent-mother with reunification services, respondent-mother is still not entitled to relief. Notably, while petitioner may have a duty to provide reunification services, parents have a commensurate responsibility to participate in the services that are offered. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Logically, with regard to placement services, these corresponding duties mean that, if petitioner has a duty to investigate placement with relatives, respondent-mother has a commensurate duty to assist this investigation by providing petitioner with the information necessary to complete it. In this case, it is clear that petitioner attempted to investigate potential relative placements but respondent-mother failed to respond to petitioner's phone calls or provide any relevant information. While the trial court opined that the maternal grandmother— who, by all accounts, assumed an active role in respondent-mother's parenting—could provide her information directly to petitioner, the maternal grandmother failed to do so. Petitioner held a family team meeting that neither respondent-mother nor the maternal grandmother attended and respondent-mother's and the maternal grandmother's absence from many hearings and trial made it impossible to discuss the issue before the circuit court. Indeed, respondent-mother moved her place of residence without providing petitioner with a forwarding address, thereby cutting off an alternative method of communication. Therefore, because respondent-mother failed in her

---

[1] This principle applies to an initial petition seeking termination under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (1), or (m). See *In re Moss*, 301 Mich App at 91. Petitioner may still be required to provide reunification efforts if termination is not sought under one of these subsections. Nonetheless, because petitioner sought termination in the initial petition under subsections (a), (b), (j), and (k), it was not required to provide reunification services.

commensurate duty to participate in the placement services, respondent-mother's reasonable-efforts argument is without merit.

Finally, it is clear that, even had petitioner erred by failing to investigate placement with the maternal grandmother, the error would not affect respondent-mother's substantial rights because the record from the proceedings regarding the three older children demonstrates that the maternal grandmother would not have been an appropriate placement for GB. The record from the prior proceedings indicates that the maternal grandmother attended many of the parenting-time sessions with the older children, during which she would try to start fights with the caseworkers. Indeed, the trial court forbade the maternal grandmother from attending visits with the three older children because her behavior at visits was "unacceptable" and "inciteful." Moreover, while the maternal grandmother was largely absent from the proceedings involving GB, she did attend many of the hearings involving the older children. The maternal grandmother's presence at these proceedings, however, was less than helpful as her frequent outbursts and other inappropriate courtroom behavior prompted the trial court to preclude her from testifying.

Relatedly, the maternal grandmother's failure to contact petitioner regarding placement indicates that, despite respondent-mother's argument, the maternal grandmother was not seriously ready to accept placement of the children. Therefore, because the maternal grandmother was not an appropriate or willing placement for the children, any alleged failure to investigate the maternal grandmother as a relative placement did not affect the outcome of the proceeding. Accordingly, respondent-mother cannot show that the alleged error affected her substantial rights.

Affirmed.

/s/ Patrick M. Meter
/s/ Kathleen Jansen